NOT PRECEDENTIAL

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT

_____

No. 21-2737
_____

SEBELA PHARMACEUTICALS, INC.,

Appellant

v.

TRUPHARMA, LLC

_____

On Appeal from the United States District Court
for the District of Delaware
(D.C. No. 1:20-cv-01677)
Circuit Judge: Honorable Stephanos Bibas[*]

_____

Submitted Pursuant to L.A.R. 34.1(a) on
July 11, 2022

_____

Before: GREENAWAY, JR., MATEY, and RENDELL, *Circuit Judges*

(Opinion filed: September 7, 2022)

_____

OPINION[**]
_____

_____

[*] The Honorable Stephanos Bibas, Circuit Judge sitting by designation pursuant to 28 U.S.C. §291(b).

[*] This disposition is not an opinion of the full Court and pursuant to I.O.P. 5.7 does not constitute binding precedent.

GREENAWAY, JR., *Circuit Judge*

## I. Introduction

Sebela Pharmaceuticals, Inc. ("Sebela") and TruPharma, LLC ("TruPharma") are competing drug manufacturers. Sebela sued TruPharma for alleged violations of the Lanham Act and a handful of other common law claims. After noting that Sebela had two failed attempts at stating a viable claim, the District Court dismissed the amended complaint with prejudice. We agree with the District Court's pithy and well-crafted opinion and will affirm.

## II. Background

Sebela sells a hemorrhoid cream under the names PRAMOSONE and ANALPRAM ("PRAMASONE Cream"). PRAMASONE Cream is a non-FDA approved cream consisting of hydrocortisone acetate 2.5% w/w and pramoxine hydrochloride 1% w/w. Like Sebela, TruPharma is in the pharmaceutical business and it has a competing cream on the market. This competing cream also contains hydrocortisone acetate 2.5% w/w and pramoxine hydrochloride 1% w/w.

Both companies, as do others, submit information about their products to drug databases. These databases are used by manufacturers to market their products, including a product's specifications and pricing. The databases, generally, assign each product submitted a multi-character code, and then list together products with "the same ingredients, strength, form, and dosage routes." App. Vol. II, 16 ¶ 36. Pharmacies, pharmacy benefit managers, and prescription fillers are then able to see the grouped

2

products in order to make buying and prescription decisions. Because Sebela and TruPharma's products share the "exact same strength and active ingredients," the independent drug databases list these products together. *Id.* at 19, ¶ 54.

As relevant to this appeal, in an amended complaint, Sebela sued TruPharma under the Lanham Act for alleged direct and contributory false advertising and unfair competition. Sebela also sued for violations of the Delaware Deceptive Trade Practices Act, and under common law for unfair competition and tortious interference with contract or prospective contractual relations.[1] Sebela alleged that by communicating its product specifications to the drug databases, TruPharma "represented and continues to represent" its product as an "equivalent of Sebela's PRAMOSONE Cream" or a "'generic' version of PRAMASONE Cream." App. Vol. II 13, ¶¶ 24, 26.

TruPharma filed a motion to dismiss the amended complaint, which the District Court granted. In its memorandum opinion, the District Court explained that Sebela "point[ed] to no statement that [was] false." App. Vol. II, 322. Sebela also failed to plausibly allege misleading statements, because the two companies' drugs were, in fact, "pharmaceutically equivalent." *Id.* at 323 (citation and internal quotation marks omitted). TruPharma had no control over how its product appeared in the drug databases. Finally, Sebela's speculation that pharmacists substituted TruPharma's cream for Sebela's cream did not amount to deception on the part of TruPharma: "[P]harmacists substitute drugs

---

[1] Sebela's amended complaint eliminated a prior unjust enrichment claim.

based on cost" and TruPharma's product "costs about half the wholesale or insurance price of Sebela's." *Id.* (citations omitted).

Sebela timely appealed the dismissal.

## III.    Discussion[2]

The District Court concluded that Sebela failed to plausibly allege that TruPharma made false or misleading statements. We agree.

Both Sebela and TruPharma have non-FDA approved medications that contain the same ingredients in the same ratios. Pharmaceutical drug databases list these two drugs together, showing TruPharma's drug as an alternative to Sebela's product. This listing together is the heart of Sebela's complaint. Because their two products were listed together, Sebela argues that TruPharma engaged in false or deceptive practices that harmed its sales. The mere listing together of these products in the databases, however, is not an actionable claim against TruPharma. TruPharma does not control the listing process. As Sebela's complaint alleges, the *drug databases* "identify all drugs that have the same ingredients, strength, form, and dosage routes" and then the *databases* list those products together. App. Vol. II, 16 ¶ 36.

Among other things, false or misleading advertising under the Lanham Act requires a competitor to "misrepresent[] the nature, characteristics, qualities, or

---

[2] The District Court had jurisdiction over the Lanham Act claims pursuant to 15 U.S.C. § 1121(a) and 28 U.S.C. § 1331; it had jurisdiction over the state-law claims under 28 U.S.C. § 1367. As an appeal from a final order, we have jurisdiction under 15 U.S.C. § 1121(a) and 28 U.S.C. § 1291. We exercise plenary review over the District Court's dismissal for failure to state a claim. *Beasley v. Howard*, 14 F.4th 226, 231 (3d Cir. 2021) (citing *Watters v. Bd. of Sch. Dirs.*, 975 F.3d 406, 412 (3d Cir. 2020)).

geographic origin" of its product. 15 U.S.C. § 1125(a)(1)(B). Sebela itself stated that TruPharma may have provided "truthful information" about its product to the databases. Reply Br. at 4. Further, as the District Court noted, Sebela points to no statement by TruPharma that is false about TruPharma's product. For similar reasons, the amended complaint also lacks a cognizable claim that information provided to the databases is misleading. Indeed, Sebela's amended complaint states that the two companies' products share the "exact same strength and active ingredients." App. Vol. II, 19 ¶ 54. That independent drug databases list together the products that contain the same ingredients in the same ratios and taken by the same means, does not give Sebela grounds to sue TruPharma under the Lanham Act.

Finally, for all the reasons that Sebela's Lanham Act claims fail, its other claims are likewise deficient. *Fisons Horticulture, Inc. v. Vigoro Indus., Inc.*, 30 F.3d 466, 481 (3d Cir. 1994) (remanding for the district court to reconsider an appellant's other claims only after we reversed the district court's judgment as to the Lanham Act claims premised on the same allegations).

## IV. Conclusion

For the foregoing reasons, we will affirm the District Court's ruling.